UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA BRUEGER o/b/o
NANCY BRUEGER,

Plaintiff,

v. Case No. 8:17-cv-02148-T-30SPF

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_________________________/

**REPORT AND RECOMMENDATION**

Rita Brueger ("Plaintiff"), on behalf of her deceased daughter, Nancy Brueger ("Claimant"), seeks judicial review of the denial of her daughter's claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I. Procedural Background**

Claimant filed an application for a period of disability and DIB (Tr. 139–40). The Commissioner denied Claimant's requests both initially and upon reconsideration (Tr. 84–86, 94–95). Per Claimant's request, the ALJ held a hearing at which Claimant appeared and testified (Tr. 50–71). Following the hearing, the ALJ found that Claimant was not disabled and, accordingly, denied Claimant's claims for benefits (Tr. 23–33). Subsequently, Claimant requested review from the Appeals Council, which was denied (Tr. 1–6). Claimant then appealed, and the district court issued an Order remanding the case for further proceedings (Tr. 1435–38, 1532–41). On January 3, 2015, Claimant died, and Plaintiff became the

substitute party (Tr. 1592). A second hearing was held on February 22, 2017, at which Plaintiff testified (Tr. 1396–1419). On May 18, 2017, the ALJ issued a second decision finding that Claimant was not disabled (Tr. 1370–93). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**II. Factual Background and the ALJ's Decision**

Claimant, who was born in 1963, claimed disability beginning August 24, 2010 (Tr. 138–40). Claimant obtained a college education and her past relevant work experience included work as a program director for substance abuse, substance abuse counselor, and a residential manager (Tr. 154, 1411). Claimant alleged disability due to cirrhosis of the liver, hepatitis C, rheumatoid arthritis, depression and anxiety (Tr. 139, 153).

In rendering the administrative decision, the ALJ concluded that Claimant met the insured status requirements through December 31, 2015 and had not engaged in substantial gainful activity since August 20, 2010, the alleged onset date (Tr. 1375). After conducting a hearing and reviewing the evidence of record, the ALJ determined Claimant had the following severe impairments: shoulder tendinopathy; heterogeneous liver due to hepatitis C; mild hepatic encephalopathy; and, at the time of death, left pneumothorax and air leak (Tr. 1376). Notwithstanding the noted impairments, the ALJ determined Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 1377). The ALJ then concluded that Claimant retained a residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations: no more than occasional climbing of vertical ladders, ropes, or scaffolds; no exposure to open and unprotected heights; no more than occasional overhead reaching with

the upper extremities; and no work activities that involve a risk of cutting and bleeding, such as in food preparation. (Tr. 1377).

Considering Claimant's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Claimant could perform her past relevant work (Tr. 1383). Additionally, the VE testified that Claimant could perform other jobs existing in significant numbers in the national economy, such as an information clerk, registration clerk, and a personnel clerk (Tr. 1384, 1412–15). Accordingly, the ALJ found that Claimant was not disabled (Tr. 1385).

**III. Analysis**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged

in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates

reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Plaintiff's various claims of error can be summed up in three main arguments: (1) the ALJ failed to properly evaluate Claimant's RFC; (2) the ALJ erred in finding that Claimant was able to perform her past work, and (3) the ALJ failed to afford Plaintiff a full and fair hearing. For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A. Claimant's RFC.**

Plaintiff advances three arguments related to the ALJ's failure to properly evaluate Claimant's RFC: (1) The ALJ failed to properly evaluate the combined effects of Claimant's impairments in assessing her RFC; (2) the ALJ failed to properly evaluate Claimant's credibility; and (3) the ALJ failed to properly evaluate the opinion of Dr. Dennis Laffer ("Dr. Laffer").

1. Claimant's impairments in combination

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c) (an impairment or combination of impairments is considered "severe" if it significantly limits an individual's ability to perform basic work activities). The ALJ must then, at step three, consider the combined effects of all impairments in evaluating disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (per curiam) (quoting *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.

1984)) ("[I]t is the duty of the . . . [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments caused the claimant to be disabled.").

Plaintiff argues that in assessing Claimant's RFC, the ALJ failed to consider the combined effects of Claimant's complications from liver disease due to hepatitis C and hepatic encephalopathy, Claimant's anxiety and depression, and the side effects of her medication. A review of the ALJ decision shows that at step two and three of the sequential evaluation process the ALJ found that Claimant had different severe impairments, but that "[t]hrough the date of demise, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Apppendix 1. . . ." (Tr. 1377). Although, there is no further analysis at step three of the ALJ's decision, "an ALJ's statement that the claimant did not have an impairment or combination of impairments that rendered her disabled constitutes evidence that he considered the combined effects of her impairments." *Jones v. Dep't of Health & Human Servs.,* 941 F.2d 1529, 1533 (11th Cir. 1991). This Circuit does not require the ALJ to mechanically recite the evidence leading to his determination; in fact, there may even be an implied finding that a claimant does not meet a listing. *Id.* In the present case, there was an *express* finding that Plaintiff did not meet a listing. Similarly, the ALJ stated that he considered the combined effects of Plaintiff's impairments, which was enough to discharge the ALJ's duty at this step. *See Rolack v. Astrue*, No. 8:07-cv-435-T-26EAJ, 2008 WL 1925092, at *3 (M.D. Fla. Apr. 29, 2008) (finding that an ALJ's statement providing that the ALJ considered the effect of a claimant's combined impairments, was sufficient to discharge the Commissioner's obligation

to consider impairments in combination). As a result, the ALJ did not err at step three of his analysis.

2. Claimant's credibility

Plaintiff argues that the ALJ failed to consider any of the testimony given by Claimant during the first hearing and failed to articulate reasons to discredit Claimant's testimony (Doc. 12 at 19–20). According to the Eleventh Circuit, "a lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." *Smallwood v. Schweiker,* 681 F.2d 1349, 1352 (11th Cir. 1982). "If proof of disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, 'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting *Tieniber v. Heckler,* 720 F.2d 1251, 1255 (11th Cir. 1983)).

In her testimony, Claimant states that she was unable to keep working due to her chronic hepatitis C, cirrhosis of the liver, and mental problems (Tr. 54). She further explained that she was depressed and anxious due to her inability to work. She complained about having headaches and diarrhea on the daily basis (Tr. 55). Claimant also testified to being under treatment of both a psychiatrist and a therapist and taking medication for her depression (Tr. 59). Finally, Claimant testified that the most significant factors in preventing her from being able to sustain a job eight hours a day were her fatigue and lack of concentration (Tr. 63).

Claimant's testimony is relevant to determine her overall functional limitations. Therefore, the ALJ was required to make an express or implied finding of credibility. While the ALJ failed to make an express finding as to Claimant's credibility, a review of the ALJ's

decision shows that the ALJ implicitly discredited Claimant's testimony. Notably, in assessing Claimant's RFC, the ALJ considered Claimant's symptoms of depression, anxiety, gastrointestinal problems, headaches, and fatigue (Tr. 1381–82). With regards to Claimant's gastrointestinal problems the ALJ determined that the evidence on record, including medical notes from Dr. Sara Luna Cruz ("Dr. Cruz"), Dr. Jamwahar Taunk ("Dr. Taunk"), and Mease Duneninm, and JSA Medical Group, showed that Claimant suffered from no more than minimal abdominal pain. The ALJ further determined that claimant's problems with diarrhea would not have prevented her from adhering to a full-time work scheduled (Tr. 1381). The ALJ also addressed Claimant's claims of anxiety and depression. The ALJ determined that based on Dr. Dinar Sajan ("Dr. Sajan") treatment notes and Plaintiff's testimony, Claimant did not appear to suffer from any major mental limitation (Tr. 1382). Likewise, the ALJ considered the side effects of Claimant's medication including fatigue and headaches but found that Claimant failed to report fatigue and headaches in her latest medical treatment encounters (Tr. 1382). Additionally, the ALJ relied in Plaintiff's testimony to determine that Claimant's headaches and fatigue imposed no significant limitations (Tr. 1382). While the ALJ failed to specifically identify inconsistencies between Claimant's testimony and the record, it is clear from his decision that the ALJ addressed Claimant's complaints and found that they were discredited by the evidence in the record. In other words, the ALJ implicitly discredited Claimant's testimony. Because "a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," the Court finds no error. *Foote,* 67 F.3d at 1562.

3. Dr. Laffer's opinion

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion of Claimant's treating physician, Dr. Laffer. An ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth,* 703 F.2d at 1240. The opinion of a treating physician is entitled to substantial weight unless there is "good cause" to the contrary, meaning that the opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240–41 (11th Cir. 2004).

Dr. Laffer, a gastroenterologist, treated claimant from May 2010 to September 2010 in relation to Claimant's liver disease (Tr. 1234). Dr. Laffer diagnosed Claimant with cirrhosis due to chronic hepatitis C and mild hepatic encephalopathy (*Id*.). In an Attending Physician Statement (the "Statement"), Dr. Laffer opined that Claimant suffered from difficulty with memory, confusion, and fatigue, and was unable to perform her job duties because of cognitive impairments secondary to decompensated cirrhosis of the liver associated with hepatic encephalopathy (Tr. 1236). The ALJ provided Dr. Laffer's opinion little weight on the basis that Dr. Laffer's opinion "lie well beyond what he typically assesses in his specialty" and that the opinion provides little useful guidance to the ALJ in assessing the claimant's symptoms and functional abilities.

Contrary to the ALJ's assessment, a review of Dr. Laffer's treatment notes show that Dr. Laffer was not opining as to the functional limitations caused by Claimant's mental impairments. Rather, Dr. Laffer was describing Claimant's symptoms associated with the existence of hepatic encephalopathy, a syndrome observed in patients with cirrhosis and

commonly treated by physicians dealing with digestive disorders[1] (*See* Tr. 672). In other words, Dr. Laffer provided an opinion well within his area of expertise and this opinion was entitled to greater weight. *See* 20 C.F.R. §§ 404.1527(c)(5).

In providing little weight to Dr. Laffer's opinion, the ALJ also reasoned that Dr. Laffer's opinion was not helpful to his assessment of disability. Notably, the ALJ stated that, despite having the opportunity to do so, Dr. Laffer's Statement failed to indicate specific functional limitations on Claimant's ability to lift, carry, kneel, crouch, reach, finger, or handling (Tr. 1382–83). However, a review of Dr. Laffer's Statement shows that rather than failing to provide the ALJ with physical limitations to incorporate in his decision, Dr. Laffer's assessment was focused on Claimant's cognoscitive limitations, and congruently, the functional limitations listed in the Statement form were "not applicable" to Claimant's condition (Tr. 1237). Given that Dr. Laffer's opinion was well within his area of expertise and that his Statement focused on Claimant's cognoscitive impairment limitations rather than her physical ones (*See* Id.). The Court finds that the ALJ failed to articulate a good cause to reject Dr. Laffer's opinion.

Furthermore, by failing to provide proper weight to Dr. Laffer's opinion, the ALJ failed to consider the effects of Claimant's hepatic encephalopathy symptoms in Claimant's RFC. Because in rendering the RFC, the ALJ must consider all the medically determinable

---

[1] Hepatic encephalopathy is a syndrome observed in patients with cirrhosis. Hepatic encephalopathy is defined as a spectrum of neuropsychiatric abnormalities in patients with liver dysfunction, after exclusion of brain disease. Hepatic encephalopathy is characterized by personality changes, intellectual impairment, and a depressed level of consciousness . . . The development of hepatic encephalopathy is explained, to some extent, by the effect of neurotoxic substances, which occurs in the setting of cirrhosis and portal hypertension. David C Wolf. Hepatic Encephalopathy. *Medscape Reference*. December 8, 2015; http://emedicine.medscape.com/article/186101-overview.

impairments, including impairments that are not severe, and the total limiting effects of each, 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"), the Court finds that the ALJ's RFC determination is not supported by substantial evidence and remand is required to properly consider the effect of Dr. Laffer's opinion on Plaintiff's RFC.

**B. Claimant's Past Work.**

Plaintiff argues that the ALJ inadequately developed the requirements of Claimant's past relevant work. At the fourth step of the sequential analysis, the ALJ must determine whether the claimant is capable of performing her past relevant work. In this regard, "the ALJ has the duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before he determines that [he] is able to perform [his] past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (alteration in original) (emphasis omitted); *see also Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) (per curiam). In determining whether a claimant can perform his past relevant work, a VE "may be used . . . because such an expert 'may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x. 343, 346 (11th Cir. 2005) (per curiam) (quoting 20 C.F.R. § 404.1560(b)(2)). However, "[i]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question

which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

Here, the ALJ consulted a VE in considering whether Claimant could perform her past relevant work based on the ALJ's RFC determination and Claimant's age and educational background. In response to a series of hypothetical questions, the VE replied that Claimant could perform her past relevant work (Tr. 1412). The VE also testified that Claimant was able to perform other jobs available in the national economy (Tr. 1413–16). Based on the VE's testimony, Claimant's assessed RFC, age, and work experience, the ALJ determined that Claimants was able to perform her past work and was not disabled (Tr. 1384). However, it is unclear whether the ALJ's hypothetical questions posed to the VE included all of Claimant's mental limitations. Notably, the ALJ failed to proper consider the opinion of the Claimant's treating physician, Dr. Laffer, and the possible negative effects of Claimant's hepatic encephalopathy on her mental capacity. Consequently, the ALJ's determination that Claimant's was capable to perform her past work, or alternatively, to perform other jobs available in the national economy is not supported by substantial evidence.

**C. Right to a Full and Fair Hearing.**

An administrative hearing must be fair to comply with due process requirements. *See Withrow v. Larkin,* 421 U.S. 35, 46 (1975). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (quotation omitted). A showing of prejudice must be made before a court may find that a hearing violated claimant's rights of due process and requires a remand to the Commissioner for reconsideration. *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *Brown v. Shalala,* 44 F.3d 931, 935 (11th Cir. 1995). "Even where a hearing 'was

less than totally satisfactory,' prejudice is not shown unless the ALJ did not have all the relevant evidence before him or did not consider the evidence in reaching his decision." *McCabe v. Commr. of Soc. Sec.*, 661 F. App'x. 596, 599 (11th Cir. 2016) (unpublished) (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam)).

Plaintiff contends that she was not granted a full and fair hearing. She asserts that in the opening remarks on the day of the hearing, the ALJ made comments that suggested that he has already made his decision and did not intent to hold a full and fair hearing. Additionally, Plaintiff argues that her right to due process was violated because at the opening of the hearing, counsel for Plaintiff advised the ALJ that she had concerns regarding Plaintiff's competency to testify (Doc. 12 at 4–5). Plaintiff's counsel further notes that these discussions were not put on the record, but she provided the Court with an affidavit attesting to the conversations (Doc. 12-1).

According to the Agency's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), the ALJ has the duty to make a complete record of the hearing and to summarize the content and conclusion of any off-the-record discussion. HALLEX I-2-6-40. A; *See DiRosa v. Astrue*, 180 Soc. Sec. Rep. Serv. 220, 2012 WL 2885112 (N.D. Ill. 2012). Additionally, the ALJ must rule on the record as to any pre-hearing request or motion. HALLEX I-2-6-52. A. While the Eleventh Circuit has refrained from holding that the HALLEX has the force of law in Social Security cases, *See McCabe*, 661 F. App'x. at 600, an agency's violation of its own governing rules resulting in prejudice may be the basis for a remand. *See Carroll v. Soc. Sec. Admin., Com'r*, 453 F. App'x. 889, 892 (11th Cir. 2011) (unpublished) (citing *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. Unit A Sept.1981) (per curiam)).

Here, the failure of the ALJ to summarize the off-the-record conversation with Plaintiff' counsel prevents the Court from assessing the impact of such conversation on the course of the case, and consequently, prevents the Court from determining whether Plaintiff's due process rights were violated. Furthermore, Claimant was potentially prejudiced by the ALJ's failure to evaluate Plaintiff's competency to testify during the hearing. Notably, in determining whether Claimant suffered from any mental impairments the ALJ relied heavily on Plaintiff's testimony at the hearing. For example, the ALJ stated that "at the hearing, [Plaintiff] did not describe the claimant as having any significant difficulties with understanding, remembering, or applying information" (Tr. 1376). Based on this testimony and other evidence, the ALJ found that Claimant has no more that mild limitations in this area. Likewise, the ALJ relied heavily on Plaintiff's testimony in determining whether Claimant's symptoms limited her ability to do work-related activities and whether Claimant suffered side effects from her medications (Tr. 1378, 1382). Therefore, to the extent that the ALJ relied on Plaintiff's testimony in assessing Claimant's RFC, the Court finds that the ALJ's omission of a summary of the off-the-record conversation regarding Plaintiff's competency to testify is prejudicial to Plaintiff's case. *See* Soc. Sec. Disab. Claims Prac. & Proc. § 16:81 (2nd ed.).

Similarly, because no summary of the off-the-record conversation appears on the record, the Court is unable to determine whether the ALJ's commentaries as described by Plaintiff's Counsel indicated that the ALJ was prejudiced. *See* 20 C.F.R. § 404.940. Accordingly, the undersigned recommends that the ALJ's decision be remand.

## IV. Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be reversed and remanded for further administrative proceedings consistent with this report.

2. The Clerk be directed to enter final judgment in favor of Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on December 21, 2018.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

cc: Hon. James S. Moody, Jr.
Counsel of Record